### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MAINE

| | |
|---|---|
| DAVID ALAN COLE & KIMBERLY COLE,<br><br>            Plaintiffs,<br><br>v.<br><br>SIG SAUER INC.,<br><br>            Defendant. | Civil Action No.: _____ |

### NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Sig Sauer, Inc. ("Sig Sauer"), by and through its undersigned attorneys, hereby removes the state court action entitled *David Alan Cole & Kimberly Cole v. Sig Sauer Inc.*, bearing Case No. SOMSC-CV-23-27, from Maine's Superior Court of Somerset County to the United States District Court for the District of Maine, and respectfully represents as follows:

### FACTUAL BACKGROUND

1. Plaintiff David Alan Cole, a detective with the Somerset County Sheriff's Department, claims that while executing a search warrant, his holstered, department-issued Sig Sauer P320 pistol discharged without his hands on the pistol or trigger, striking him in his right upper thigh, exiting through the same, penetrating his right calf, and reaching a terminus in his right ankle. *See* Pl's Compl. ¶¶139-147 (Ex. A). Mr. Cole alleges that these injuries required him to undergo emergency surgery on his right leg, followed by a second surgery two days later *See* Pl's Compl. ¶¶148-49 (Ex. A).

2. Plaintiffs bring claims against Sig Sauer for: (1) negligence; (2) strict product liability; (3) fraudulent concealment; (4) negligent failure to warn, (5) defective design or

manufacture, (6) breach of implied warranty of merchantability, and (7) loss of consortium. *See* Compl. ¶¶151-204 (Ex. A). Plaintiffs also seek punitive damages from Sig Sauer. *See* Compl. ¶¶205-206 (Ex. A).

## PROCEDURAL BACKGROUND

3. Plaintiffs filed their Complaint in Maine's Superior Court of Somerset County on July 21, 2023. *See generally,* Pl's Compl. (Ex. A).

4. Sig Sauer, by and through undersigned counsel, accepted service of the Complaint by signing an Acknowledgement of Service on August 1, 2023. *See* Acknowledgement of Service (Ex. B).

5. All exhibits—including all process, pleadings, and orders served on or by Sig Sauer required by 28 U.S.C. § 1446(a)—are offered and attached as follows:

| EXHIBITS | DESCRIPTION |
|---|---|
| A | Affidavit of Mark V. Franco, Esq. |
| B | Complaint |
| C | Acceptance of Service |
| D | Plaintiff's Motion for Admission of Visiting Counsel Pro Hac Vice for Michael T. Benz, Esq. |
| E | Plaintiff's Motion for Admission of Visiting Counsel Pro Hac Vice for Robert Zimmerman, Esq. |
| F | Plaintiff's Motion for Admission of Visiting Counsel Pro Hac Vice for Robert Mongeluzzi, Esq. |
| G | Plaintiff's Motion for Admission of Visiting Counsel Pro Hac Vice for Larry Bendesky, Esq. |
| H | Plaintiff's Motion for Admission of Visiting Counsel Pro Hac Vice for Ryan Hurd, Esq. |
| I | Certified Docket Record |

## DIVERSITY JURISDICTION

6. This Court has subject matter jurisdiction over this action and all claims asserted against Sig Sauer pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Sig Sauer are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### Complete Diversity Exists Between the Parties

7. Plaintiffs are citizens of the State of Maine. *See* Pl's Compl. ¶¶2,5 (Ex. A).

8. Defendant Sig Sauer is a foreign corporation organized and existing under the laws of the State of Delaware with its headquarters and principal place of business in New Hampshire. Defendant Sig Sauer is thus a citizen of Delaware and New Hampshire. *See* 28 U.S.C. § 1332(c)(1).

9. All parties are thus citizens of different states.

### The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs

10. Diversity jurisdiction requires that the amount in controversy exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

11. Plaintiff does not seek a specific amount of damages. However, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014).

12. Here, Mr. Cole alleges that he sustained injuries requiring multiple surgeries and a three-day hospital stay following those surgeries. *See* Pl's Compl. ¶¶148-49 (Ex. A). He further alleges that his injuries are of a "severe and permanent" nature. *See* Pl's Compl., p. 31 (Ex. A). Plaintiffs also seek to recover for their alleged "emotional distress, loss of consortium, economic loss, and loss of enjoyment of life" as a result of Mr. Cole's injuries. *See* Compl., p. 31 (Ex. A).

Given the alleged severity and permanent nature of the plaintiff's claimed injuries, the potential for future medical expenses, and claims of emotional distress, loss of consortium, and loss of enjoyment of life, the amount in controversy plausibly exceeds $75,000, as courts have held in matters involving similar allegations. *See, e.g., Stewart v. Tupperware Corp.,* 356 F.3d 335, 340 (1st Cir. 2004) (holding amount in controversy requirement was met where plaintiffs alleged "physical injuries . . . that resulted in permanent impairment"); *King v. York Golf & Tennis Club,* 230 F. Supp. 2d 123, 125 (D. Me. 2002) ("with $33,000 in medical expenses and lost income and a claim for pain and suffering and emotional . . . it is not possible to conclude to a legal certainty that [plaintiff] could not recover more than $75,000 at trial"). Additionally, Plaintiffs seek to recover punitive damages. *See* Compl. ¶¶205-206 (Ex. A). While Sig Sauer, of course, disputes that it is liable in any amount to Plaintiffs and certainly denies any basis for the imposition of punitive damages, punitive damage claims may be considered for purposes of determining the amount in controversy. *See, e.g., Mason v. Recover Together, Inc.*, No. 2:21-CV-00241-JDL, 2021 WL 5826272, at *3 (D. Me. Dec. 8, 2021) ("it is reasonable to project that the proposed amended complaint's demand for front pay; lost benefits; prejudgment interest; compensatory damages and ***punitive damages***; interest; costs; expert witness fees; and attorney's fees puts the amount in controversy in excess of $75,000) (emphasis added).

## **VENUE**

13.     Venue properly rests in the United States District Court for the District of Maine pursuant to 28 U.S.C. § 99 because it encompasses Somerset County, Maine, where this action was originally filed.

14. Pursuant to 28 U.S.C. § 1446(d), Sig Sauer is filing this Notice of Removal with this Court, serving a copy upon Plaintiff's counsel, and filing a copy in the Superior Court of Somerset County.

## TIMELINESS OF REMOVAL

15. Service was completed on Sig Sauer on August 1, 2023, when Sig Sauer signed an Acknowledgement of Service, so this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) since it is being filed within thirty (30) days of service on Sig Sauer. *See* 28 U.S.C. § 1446(b) (requiring that, in order to be timely, "[a] notice of removal must be filed within 30 days after the defendant receives, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

16. Thus, this Notice of Removal is timely.

WHEREFORE, Defendant Sig Sauer, Inc. respectfully requests that this Court assume jurisdiction over the above-described action pending in Maine's Superior Court of Somerset County, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

Dated: August 23, 2023            /s/ Mark V. Franco
                                                    Mark V. Franco, Esq.
                                                    DRUMMOND WOODSUM
                                                    84 Marginal Way, Suite 600
                                                    Portland, ME  04101-2480
                                                    Tel: (207) 772-1941
                                                    mfranco@dwmlaw.com
                                                    *Attorney for Defendant Sig Sauer, Inc.*

## CERTIFICATE OF SERVICE

I, Mark V. Franco, Esq., hereby certify that on this 23rd day of August, 2023, I filed the foregoing with the Clerk of Court via email at MaineECFIntake@med.uscourts.gov. I also certify that I made service of the foregoing, by depositing a true copy of same, on this date, in the U.S. Mail, postage prepaid and via email to:

Michael Bigos, Esq.
Joseph G.E. Gousse, Esq.
Berman Simmons
P.O. Box 961
Lewiston ME 04243-0961

Robert Mongeluzzi, Esq.
Robert Zimmerman, Esq.
Larry Bendesky, Esq.
Ryan Hurd, Esq.
Michael Benz, Esq.
Saltz, Mongeluzzi & Bendesky, P.C.
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103

Somerset County Superior Court
47 Court Street
Skowhegan, ME 04976

Dated: August 23, 2023                /s/ Mark V. Franco
                                      Mark V. Franco, Esq.
                                      DRUMMOND WOODSUM
                                      84 Marginal Way, Suite 600
                                      Portland, ME  04101-2480
                                      Tel: (207) 772-1941
                                      mfranco@dwmlaw.com
                                      *Attorney for Defendant Sig Sauer, Inc.*