UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DAVID COLE, et al.,                          )
                                             )
            Plaintiffs                       )
                                             )
      v.                                     )        1:23-cv-00327-JCN
                                             )
SIG SAUER, INC.,                             )
                                             )
            Defendant                        )

**ORDER ON MOTIONS IN LIMINE**

This matter is set for a jury trial, which will commence on July 27, 2026. In advance

of trial, the parties filed multiple motions in limine. (Motions, ECF Nos. 108-127.) The

Court held a hearing on the motions on July 16, 2026. During the hearing, the Court ruled

on some motions, conditionally ruled on other motions, and, due to other matters on the

Court's schedule, did not discuss certain motions.

After further consideration of the issues generated by the motions, the Court

memorializes some of the oral rulings, supplements some of the rulings, and addresses the

motions that were not discussed during the hearing.

**A.     Defendant's Motion in Limine to Preclude Evidence of Other Incidents (ECF No. 108); Plaintiffs' Motion in Limine to Admit Evidence of Specific Similar Incidents and Preclude Evidence of the Lack of Other Incidents in Comparison to the Number of P320's Sold (ECF No. 109)**

Based on the parties' submissions, the Court is satisfied that some of the other

incidents about which Plaintiffs seek to introduce evidence are likely substantially similar

to the circumstances alleged by Plaintiffs insofar as the incidents involve a P320 firearm

with the same trigger pull as Plaintiff David Cole's firearm and no external safety measure,

the firearm was holstered, the discharge occurred without an intended trigger pull, and the discharge was not the result of a drop or abusive handling. The evidence is relevant to Defendant's prior knowledge of the risk of unintended discharge of the P320 model, the existence of a defect, causation, and design. The Court, mindful that it "must weigh the dangers of unfairness, confusion, and undue expenditure of time in the trial of collateral issues against the factors favoring admissibility," *McKinnon v. Skil Corp.*, 638 F.2d 270, 278 (1st Cir. 1981), will permit the introduction of the video recording of a limited number of prior incidents provided that the recordings are confirmed as substantially similar incidents through other evidence (e.g., testimony of those involved) and the recording is otherwise helpful to the jury and would not require extensive litigation regarding the depicted incidents. [1] The Court is not inclined to permit the introduction of the oral statements made by those present regarding the manner of discharge. The Court's ultimate determination will be based on the quality of the evidence presented at trial and the nature of the claims and defenses as developed during the trial.

The Court, therefore, conditionally grants in part Plaintiffs' motion and denies Defendant's motion.

**B.     Plaintiffs' Omnibus Motion in Limine (ECF No. 110)**

For the reasons set forth on the record during the hearing, the Court denies Plaintiffs' Omnibus Motion to the extent that it seeks to preclude use of the phrase "negligent

---

[1] For instance, during the hearing, the Court noted that it was inclined to require that the P320 be visible on the recording at the time of the alleged discharge. Such a condition would arguably limit to some degree the likelihood that litigation of the incident would be required.

discharge" to refer to other similar incidents.  In the absence of an agreement between the parties, the Court denies Plaintiffs' request to use video deposition testimony during opening statements.

**C.     Plaintiffs' Motion in Limine to Preclude Sig Sauer Employees or Expert Witnesses or Lay Witnesses from Testifying About Customer Preferences Regarding External Safeties (ECF No. 111)**

For the reasons set forth on the record during the hearing, the Court grants in part and denies in part Plaintiffs' Motion to Preclude Testimony About Customer Preferences Regarding External Safeties.  To the extent that such evidence qualifies as hearsay statements from customers or users, the Court grants the motion.  To the extent that Defendant seeks to present evidence regarding Defendant's sales and marketing analysis, the Court denies the motion.

**D.     Plaintiffs' Motion in Limine to Preclude Evidence of Compliance with Drop and/or Abuse Testing Standards (ECF No. 112)**

For the reasons set forth on the record during the hearing, because evidence regarding the development and testing of the P320 is relevant to the claims and defenses in this matter, the Court denies Plaintiffs' Motion to Preclude Evidence of Compliance with Drop and/or Abuse Testing Standards.

**E.     Plaintiffs' Motion in Limine to Preclude Defendant from Introducing or Eliciting Testimony from Lay Witnesses About Their Personal Preferences or Opinions Regarding External Safeties (ECF No. 113)**

For the reasons set forth on the record during the hearing, the Court conditionally grants in part Plaintiffs' Motion to Preclude Defendant from Introducing Testimony from Lay Witnesses About Their Personal Preferences or Opinions Regarding External Safeties.

3

Although the Court is not inclined to allow lay witnesses to testify regarding their personal preferences or opinions regarding external safeties, the Court will not order the complete exclusion of such testimony at this time. To the extent that Defendant wishes to elicit such testimony during the trial, Defendant shall first alert the Court and request a ruling regarding the specific evidence Defendant seeks to introduce.

**F.      Defendant's Motion in Limine to Preclude Evidence, Testimony, and Argument Regarding the P320 Voluntary Upgrade Program (ECF No. 114)**

The Court defers ruling on Defendant's Motion to Preclude Evidence and Argument Regarding the P320 Voluntary Upgrade Program until the evidence is proffered in the context of trial when the Court will have the benefit of an evidentiary record and the context in which the evidence would be presented. Before Plaintiffs reference the Voluntary Upgrade Program, Plaintiffs shall seek a ruling from the Court.

**G.      Defendant's Motion in Limine to Preclude Any Reference to the P320 as a Double Action Pistol (ECF No. 115)**

Without further development of the record, including a more thorough understanding of the expected expert witness testimony, the Court cannot conclude that all reference to the P320 as a double action pistol should be excluded. The Court, therefore, conditionally denies the motion with the understanding that Defendant may ask the Court to reconsider the request in the context of the trial evidence.

**H.      Defendant's Motion in Limine to Preclude Certain Trial Conduct by Plaintiffs' Counsel (ECF No. 116)**

As set forth on the record during the hearing, the Court grants in part Defendant's Motion to Preclude Certain Trial Conduct by Plaintiffs' Counsel. Without determining

4

that Plaintiffs' counsel intended to engage in any of the conduct identified by Defendant, the Court orders that without prior approval from the Court, the parties shall not make any of the references discussed by the Court during the hearing.

**I.      Defendant's Motion in Limine to Preclude Any Evidence or Testimony Regarding the "Safety Without Compromise" Advertisement and Other Similar Marketing Materials (ECF No. 117)**

As set forth on the record during the hearing, the Court denies Defendant's Motion to Preclude Evidence Regarding the "Safety Without Compromise" Advertisement and Other Similar Marketing Materials provided it is established that the advertisement and other materials were included in the promotion of the P320.  At this time, the Court defers ruling on the extent of the use of such evidence.

**J.      Defendant's Motion in Limine to Exclude, or Alternatively to Substantially Limit/Redact, Post-Incident Body-Worn Camera Footage and for Related Relief (ECF No. 118)**

As set forth on the record during the hearing, the Court grants in part and denies in part Defendant's Motion to Exclude, Limit, or Redact Post-Incident Body-Worn Camera Footage.  Plaintiffs may present a recording of the incident, including Plaintiff David Cole's statement, but the recording shall not include Detective Dodge's comments.

**K.      Defendant's Motion in Limine to Exclude Evidence Regarding Plaintiff's Father Eugene Cole (ECF No. 119)**

As discussed on the record during the hearing, the Court grants in part and denies in part Defendant's Motion to Exclude Evidence Regarding Eugene Cole.  Because evidence of Eugene Cole's accomplishments is not relevant to the claims and defenses in this action, Plaintiffs may not introduce such evidence.  Plaintiffs may introduce evidence

regarding the circumstances of Eugene Cole's passing as it relates to Plaintiff David Cole's claim for damages.

**L.    Defendant's Motion in Limine to Exclude Evidence and Argument Regarding Third-Party "Bans," Discontinued Use, and Institutional Statements Concerning the P320 (ECF No. 120)**

The Court will defer ruling on Defendant's Motion to Exclude Evidence and Argument Regarding Third-Party "Bans," Discontinued Use, and Institutional Statements Concerning the P320.  To the extent that Defendant offers evidence to suggest that the P320's safety is reflected by its widespread use, the Court will likely permit Plaintiffs to offer some of the evidence identified in Defendant's motion.  Before discussing or offering any such evidence, Plaintiffs shall request a ruling from the Court.

**M.    Defendant's Motion in Limine to Preclude Any Reference to a Duty to Recall (ECF No. 121)**

While the Court is inclined to limit discussion of a duty to recall due to Rule 403 concerns (e.g., confusing the issues), the Court will defer ruling on Defendant's Motion to Preclude Any Reference to a Duty to Recall until the issue arises in the context of trial. Before referencing the issue at trial, Plaintiffs shall seek a ruling from the Court.

**N.    Defendant's Motion in Limine to Preclude Any Argument that U.S. Immigration and Customs Enforcement Data Shows an Increase in Accidental Discharges Following Its Adoption of the P320 (ECF No. 122)**

Defendant moves the Court to preclude evidence and argument that U.S. Immigration and Customs Enforcement (ICE) data shows an increase in accidental discharges after it began using the P320.  In particular, Defendant seeks exclusion of a document identified as the "ICE Executive Summary" on Plaintiffs' exhibit list.  Defendant

6

contends that the ICE Executive Summary is inadmissible hearsay and subject to exclusion under Federal Rule of Evidence 403. Defendant also asserts that the Plaintiffs cannot establish that the incidents described in the ICE Executive Summary are substantially similar to the incident at issue in this action.

Plaintiffs contend that the ICE Executive Summary is within the public record exception to the hearsay rule, citing Federal Rule of Evidence 803(8). Plaintiffs argue that the ICE Executive Summary describes incidents in which law enforcement personnel experienced unintentional discharges of the P320, like the incident at issue here, and that any distinction between the ICE incidents and the incident in this case do not warrant exclusion of the ICE Executive Summary. Plaintiffs further contend that the probative value of the ICE Executive Summary outweighs any risk of misleading or confusing the jury, and that Defendant has not identified any risk of unfair prejudice.

Rule 803(8) provides the following exception to the rule against hearsay:

> A record or statement of a public office if . . . it sets out . . . in a civil case . . . . factual findings from a legally authorized investigation; and . . . the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

Fed. R. Evid. 803(8)(A)(iii), (B). "Rule 803(8) is a pathway to admissibility, anchored in the concept that public officials will perform their responsibilities appropriately." *United States v. Fuentes-Lopez*, 994 F.3d 66, 70 (1st Cir. 2021). "The party challenging the admissibility of a public record that is relevant and that conforms to the requirements of Rule 803(8)(A) can challenge its admission only by making an affirmative showing that the record is untrustworthy under Rule 803(B)." *Id.* at 71. To "show untrustworthiness," the party challenging admission of a public record "must show that something specific"

7

resulting from the circumstances surrounding the creation of the form "adversely affected the trustworthiness of the form." *Id.*

The ICE Executive Summary satisfies the requirements of Rule 803(A)(iii): it is a record or statement of the Office of Professional Responsibility (OPR) Investigations Division of ICE reflecting the results of OPR's research concerning "what appeared to be a recent increase in the amount of Unintentional Discharges (UD) throughout ICE." (ICE Executive Summary, ECF No. 122-3). Defendant does not appear to argue otherwise. Instead, Defendant challenges the document's trustworthiness, asserting that the redactions in the document "prevent meaningful evaluation of the report's factual basis, investigative methodology, and conclusions." (Defendant's Motion in Limine at 5, ECF No. 122.) The Court is not convinced that the redactions—presumably applied after the creation of the form—are "tangible indicia of unreliability." *Fuentes-Lopez*, 994 F.3d at 71. While the redactions might inform a Rule 403 analysis, they do not suggest that the records were created under circumstances that generate trustworthiness concerns. The ICE Executive Summary falls under the public record exception to the hearsay rule.

Defendant's other concerns regarding the summary are appropriately evaluated under Rule 403. *See* David P. Leonard, The New Wigmore: Evidence of Other Misconduct & Similar Events § 14.1 (2009) ("[C]ourts should admit evidence of similar occurrences according to the basic principles of relevance and probative value, with an eye toward unfair prejudice in appropriate cases."); *Simon v. Town of Kennebunkport*, 417 A.2d 982, 986 (Me. 1980) (endorsing same approach). The balancing of probative value against the risks identified by Rule 403 turns in part on the purpose for which the evidence is offered.

8

*See* The New Wigmore: Evidence of Other Misconduct & Similar Events § 14.3.  Here, Plaintiffs apparently seek to introduce the ICE Executive Summary as evidence of other occurrences similar to the incident in this case to establish that the "the P320 is defectively designed and unreasonably dangerous because of its single action design, resulting in an exceedingly short trigger pull[.]"  (Opp. at 9, ECF No. 143.)

"In a negligence action, evidence of other similar accidents or occurrences may be relevant circumstantially to show a defective or dangerous condition[.]"  *Simon*, 417 A.2d at 984.  However, such evidence is admissible to establish the existence of an asserted design defect "only if the proponent of the evidence shows that the accidents occurred under circumstances substantially similar to those at issue in the case at bar."  *McKinnon*, 638 F.2d at 277.  "Substantial similarity is a function of the theory of the case."  *Moulton v. Rival Co.*, 116 F.3d 22, 27 (1st Cir. 1997) (quotation marks omitted).  As such, to establish the relevance of other incidents, a negligence plaintiff need not prove what caused his incident, but must simply identify a supportable theory of design defect resulting in the incident, and show that the same alleged design defect resulted in the other incidents.  *West v. Bell Helicopter Textron, Inc.*, 967 F. Supp. 2d 479, 493-94 (D.N.H. 2013).  "Indeed, to present substantially similar circumstances, the version of the product involved in a different accident need not have all the same features of the version involved in the plaintiff's accident, so long as the plaintiff can make some showing that the alleged defect was the same."  *Id.* at 494.  Depending upon the plaintiff's theory of the case, only certain circumstances need be similar.  *Compare Moulton*, 116 F.3d at 27 (affirming admission of other accidents evidence despite potential distinctions in the manner in which the accidents

9

occurred where plaintiff introduced the evidence of other accidents "to show that the product as designed allowed the rapid escape of a significant amount of extremely hot liquid and was thus defective"); *with McKinnnon*, 638 F.2d at 277 (affirming exclusion of other accidents evidence where plaintiff alleged injury sustained by defective blade guard on portable saw and where other accidents evidence did not indicate whether injuries resulted from defective blade guard).

Here, the circumstances of the incidents described in the ICE Executive Summary are unknown.  Plaintiff has not demonstrated that the incidents documented in the summary are substantially similar to the incident alleged in this case.  All that is known is that the incidents involved the unintended discharge of a P320.

Even if it reflects substantially similar incidents, the ICE Executive Summary and related evidence may be excluded under Rule 403.  *See McKinnon*, 638 F.2d at 277 ("Even when substantial identity of the circumstances is proven, the admissibility of such evidence lies within the discretion of the trial judge who must weigh the dangers of unfairness, confusion, and undue expenditure of time in the trial of collateral issues against the factors favoring admissibility.").  The redactions, which could include material information regarding the circumstances surrounding the discharge of the P320 in the listed incidents, generate concerns of unfair prejudice.  Defendant's ability to question the similarity of the incidents is arguably compromised by the redactions and invites Defendant to litigate the circumstances, which could result in the undue expenditure of time concerning tangentially related matters.

Because the Court cannot find that the incidents reflected in the summary constitute substantially similar incidents to the incident alleged in this case, and because the redactions raise Rule 403 concerns, the Court grants the motion.  If Plaintiffs believe the evidence at trial has adequately addressed the Court's concerns, Plaintiffs may ask the Court to revisit the issue but shall seek a ruling from the Court before referencing the summary.

**O.      Defendant's Motion in Limine to Exclude Evidence and Argument Concerning FMECA (ECF No. 123)**

Defendant moves the Court to exclude evidence and argument concerning a 2017 Failure Modes, Effects, and Criticality Analysis (FMECA) that Defendant prepared with respect to a "different version of the P320 pistol in connection with the United States Army's Modular Handgun System procurement." (Motion at 1, ECF No. 123.)  Defendant contends that FMECA is irrelevant because it does not assess the version of the P320 at issue in this case.  It further contends that even if FMECA had some marginal relevance, a substantial risk of prejudice requires exclusion under Rule 403.  Plaintiffs claim that the FMECA concerned "the same gun" at issue here "with an external safety, which is what Plaintiff alleges Detective Cole's gun required in order to be designed safely for carry-use." (Opp. at 1, ECF No. 151.)

To this point, Defendant has not offered any persuasive support for its assertion that the P320 assessed in the FMECA was materially different from the version of the P320 at issue in this case.  As such, Defendant has not established that the FMECA is irrelevant to the claims and defenses in this case.  Further, the remainder of Defendant's contentions in

11

support of exclusion are unconvincing.   To the extent Defendant contends that its assessment does not or should not apply to the P320 in this case, Defendant can present evidence and argument at trial for the jury to evaluate.  The Court conditionally denies the motion subject to Plaintiffs' ability to establish foundation and relevance as asserted in their response to the motion.

**P.    Defendant's Motion in Limine to Exclude Speculative Hindsight and Counterfactual Testimony from Somerset County Decisionmakers (ECF No. 124)**

Due to Rule 403 concerns, Plaintiffs may not elicit testimony from representatives of the Somerset County Sheriff's office as to whether they would have purchased the P320 if they were aware of the information they learned following the incident involving Plaintiff David Cole.  First, the testimony is, as Defendant's argue, speculation based on hindsight and thus not particularly probative.  In addition, any probative value of such testimony is outweighed by the amount of time that would likely be devoted to litigating the issue, which would undoubtedly include evidence and discussion about the factors that Somerset County considers in making such a purchase.  The Court grants the motion as it relates to testimony regarding whether Somerset County would have purchased the P320 with the information it currently knows.  The Court will decide in the context of trial whether Plaintiffs can present evidence that Somerset County ceased use of the P320 following the incident involving Plaintiff David Cole.

12

**Q.      Defendant's Motion in Limine to Exclude or Limit Testimony of Plaintiffs' Functional Capacity Expert Gwen Simons (ECF No. 125)**

Defendant seeks to exclude or limit testimony by Plaintiffs' Functional Capacity Expert Gwen Simons.  Plaintiffs agree that Ms. Simons should not offer opinions that are the proper subject of expert testimony by a vocational rehabilitation specialist, and that she should not testify regarding Plaintiff David Cole's general ability to perform law enforcement work.  Consistent with the parties' agreement, the Court grants in part Defendant's motion.  Gwen Simons may not testify regarding Plaintiff David Cole's functional capacity in the workplace.  The Court will assess in the context of trial the extent to which Ms. Simons can testify regarding Plaintiff David Cole's functional ability more generally.

**R.      Defendant's Motion in Limine to Preclude Use of the Ambiguous Umbrella Term External Safety and to Require Identification of the Specific Safety Mechanism at Issue (ECF No. 126)**

Defendant asks the Court to preclude Plaintiffs and their counsel and witnesses from "using the ambiguous, arbitrary, and non-technical umbrella phrase 'external safety'" at trial.  (Motion at 1, ECF No. 126.)  Plaintiffs argue that the phrase "external safety" is neither ambiguous nor misleading.  (Opposition at 3, ECF No. 149.)  The Court is not persuaded that use of the term "external safety" will create any confusion or would be unfairly prejudicial.  For the term to have relevance, a party will necessarily have to provide context.  The Court is satisfied that context will alleviate the concerns raised by Defendant.  Accordingly, the Court denies the motion.

13

**S.    Defendant's Motion in Limine to Preclude Evidence, Testimony and Argument Regarding Unrelated P320 Allegations (ECF No. 127)**

Defendant asks the Court to prevent Plaintiffs from referencing any alleged defects or issues with the P320, including claims that it can be discharged without a trigger pull, that are unrelated to Plaintiffs' claim in this case. Plaintiffs contend that Defendant may present evidence to which Plaintiffs should be permitted to respond by presenting evidence of other issues with the P320. The Court cannot determine pretrial whether Defendant will "open the door" to the evidence. At this stage, the Court agrees that evidence of P320 issues that are unrelated to Plaintiffs' claim is not relevant to this case. The Court, therefore, grants the motion. Plaintiffs shall not raise the issues identified in the motion or present related evidence. At trial, if Plaintiffs believe that Defendant, through argument or presentation of evidence, has "opened the door" to such evidence, Plaintiffs may ask the Court to revisit this ruling before Plaintiffs make any reference to the evidence.

SO ORDERED.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of July, 2026.

14