**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| DAVID ALAN COLE and | ) | |
| KIMBERLY COLE, | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 1:23-cv-00327-JCN |
| v. | ) | |
| | ) | |
| SIG SAUER, INC. | ) | |
| Defendant. | ) | |

**DEFENDANT SIG SAUER INC.'S RENEWED MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING PLAINTIFF'S FATHER EUGENE COLE**

NOW COMES the Defendant, SIG SAUER Inc. ("Sig Sauer"), by and through undersigned counsel, and hereby moves *in limine* for an order precluding at trial any evidence, testimony, exhibits, argument, or reference to: (a) the professional accomplishments of David Cole's father, Eugene Cole,  including awards and achievements of Eugene Cole earned from his occupation as a police officer; and/or (b) the circumstances, publicity, or details of Eugene Cole's death, including any "fallen officer" narrative, memorials, media coverage, or similar information. After a hearing, the Court ruled on Sig Sauer's Motion *In Limine* No. 7, granting in part, and denying in part, ECF No. 187. During trial, however, Plaintiffs have made opening statements and threaten to elicit testimony materially different from that described to the Court during the *in limine* proceedings and materially beyond the scope of their prior representations. Because the landscape has changed, the predicate on which the Court made its ruling no longer exists, and Defendant respectfully requests appropriate relief, namely that the Court reconsider and clarify its prior ruling and exclude further evidence and argument on this subject, as well as issue a limiting instruction. This motion incorporates Sig Sauer's Memorandum of Law previously presented in ECF No. 119,

Defendant Sig Sauer Inc.'s Motion *In Limine* No. 7 To Exclude Evidence Regarding Plaintiff's Father Eugene Cole, and is supported by the following additional Memorandum of Law.

## I.    BACKGROUND

### A. Discussion During July 16, 2026, Hearing on Pretrial Motions *In Limine* and Subsequent Court Order

Discussion regarding Sig Sauer's Motion *In Limine* No. 7 began with Plaintiffs' agreeing that "at a minimum a limiting instruction is appropriate" regarding the narrow purpose of admitting evidence regarding Eugene Cole death "limiting to testimony of how that informed the plaintiff's reaction or [sic] interaction with the circumstances." July 16, 2026, Hearing Tr. p. 79:18-80:2. The Court went on to state: "It could include, for instance, why he didn't run the -- the 5K run. But to the extent that there was a concern by the defendants that there would be discussions about Eugene Cole's many accomplishments, I don't think that is particularly relevant." *Id.* p. 80:2-80:6.

With respect to what the Court found relevant, the Court stated:

> The relevant part, as -- as I see it, is that this had an impact upon David Cole that was greater than the impact would have been had he not lived through his father's experience both in terms of, you know, coming upon his father, seeing him there, being in a similar situation, et cetera. And I don't think that had anything to do with Eugene Cole's accomplishments, it had everything to do with the fact that Eugene Cole was his father. And -- and so that's where I – I think it would be fair to draw the line.

*Id.* p. 80:7-80:15.

Plaintiffs assured the Court, "[w]e are not going to overdo it," and "we all experienced assurances that with the Court's normal instructions on sympathy, which is not to be taken into account, that this will be properly managed and will not turn into the parade that Martha – that Ms. Gaythwaite is suggesting." *Id.* p. 81:21-82:8.

With Plaintiffs' assurances the Court ordered the following:

2

As discussed on the record during the hearing, the Court grants in part and denies in part Defendant's Motion to Exclude Evidence Regarding Eugene Cole. Because evidence of Eugene Cole's accomplishments is not relevant to the claims and defenses in this action, Plaintiffs may not introduce such evidence. Plaintiffs may introduce evidence regarding the circumstances of Eugene Cole's passing as it relates to Plaintiff David Cole's claim for damages.

ECF No. 187 pp. 5-6.

## B. Plaintiffs' Opening Statement

Plaintiffs' counsel Plaintiffs' opening statement referred to Plaintiff David Cole's father, Eugene Cole, on eight separate occasions:

- "Dave's father, who he loved and admired, was a local sheriff, and he wanted to be just like his dad." July 27, 2026 Opening Statements Tr. p. 2:6-2:8.

- "While he wanted to follow in his dad's footsteps, he wanted to earn the respect of the men and women who serve the community." *Id.* at 2:12-2:14.

- "That's because she followed in her father's and her grandfather's footsteps and chose to serve her community." *Id.* at 23:14-23:16.

- "I told you he wanted to follow in his father's footsteps. In 2018 Dave's father, Eugene, a sheriff, was shot and killed by a criminal suspect who had a gun, and that person hid Eugene's body in the woods. Dave was one of the sheriffs who was there when his father's body was later found. He had to tell his mother, Sheryl, who is here in the courtroom, what no son ever should have to tell their mother." *Id.* at 25:8-25:14.

- "The family mourned Eugene's loss, but they made a commitment to try to turn that tragedy into a positive for their community. Dave took pride, as did his family, in setting up charity events, golf outings, softball games, runs, to honor Eugene." *Id.* at 25:15-25:19.

- "But you'll hear that when Dave's service weapon betrayed him, when he heard the gunshot, when he felt the pain radiating down his leg, all he could think about in that moment was his dad." *Id.* at 25:20-25:23.

- "You'll hear that given his post-traumatic stress disorder diagnosis, he doesn't have the mental strength to keep those charities going for his father. Many of those fundraisers won't happen anymore." *Id.* at 26:3-26:5.

- "Dave learned it from his dad and he passed it down to his daughter." *Id.* at 30:11-30:12.

While some of these comments fell within the scope of the Court's order, the majority did not. In totality, they resulted in the type of unfair prejudice the Defendant's Motion *in Limine* was intended to prevent.

## II.    ARGUMENT

### A. Plaintiffs Violated the Line Drawn by the Court Narrowing the Use of Evidence Regarding Eugene Cole's Death As It Relates to Plaintiff David Cole's Claim for Damages and Should be Precluded from Eliciting Evidence Outside Established Parameters

This Court granted in part and denied in part the prior motion, holding that "evidence of Eugene Cole's accomplishments is not relevant" and "Plaintiffs may not introduce such evidence," while allowing "evidence regarding the circumstances of Eugene Cole's passing as it relates to Plaintiff David Cole's claim for damages."  The Court explained the "relevant part" was the impact on David Cole from "coming upon his father, seeing him there, being in a similar situation," because "it had everything to do with the fact that Eugene Cole was his father," not his accomplishments; the Court identified as outside the line "discussions about Eugene Cole's many accomplishments." Plaintiffs assured the Court they would not "overdo it" and that ordinary sympathy instructions would prevent a "parade."

However, when Plaintiffs' counsel referenced Eugene Cole in their opening statement, the references were clearly intended to invoke sympathy that unfairly prejudices Sig Sauer.  They were not limited to Plaintiff's David Cole's claim for damages but expanded far beyond the limitations imposed by the Court's Order. ECF No. 187.  Specifically, Plaintiffs' opening featured multiple identity/occupation/legacy references that exceed or risk exceeding the Court's limits and that are without any damages nexus.  For example, Plaintiffs' opening invoked that David "loved and

admired" his father, a "local sheriff," and that he "wanted to be just like his dad." July 27, 2026 Opening Statements Tr. at 2. Counsel emphasized following "in his dad's footsteps" and "earn[ing] the respect" of those who serve. *Id.* at 2, 23, 25. Counsel further engaged in an extended fallen officer narrative that was untethered from a narrow damages function, by describing that in 2018 Eugene Cole, "a sheriff, was shot and killed," his body hidden, and that David was present when it was found and informed his mother, and then highlighted family efforts to "turn that tragedy into a positive," including "charity events, golf outings, softball games, runs, to honor Eugene." *Id.* at 25-26. Moreover, counsel engaged in repetition designed to evoke sympathy and identity association, such as by tying David Cole's reaction to his injury to thinking "about his dad," asserting that fundraisers "won't happen anymore," and returning to "learned it from his dad … passed it down to his daughter," resulting in at least eight separate references in total. *Id.* at 26, 30.

These statements violate and risk further violations of the Court's Order, and, accordingly, Sig Sauer renews its Motion *In Limine* to exclude evidence regarding Plaintiff's father Eugene Cole's occupation and status arising from his occupation on the basis that such evidence is irrelevant under F.R.E. 401 and 402, and unfairly prejudicial under F.R.E. 403.

The Court permitted only evidence of the circumstances of Eugene Cole's passing insofar as necessary to explain the unique impact on David Cole's damages, and it expressly **excluded** accomplishments and indicated identity/occupation accomplishments were not relevant. Sig Sauer has already identified that "fallen officer" narratives, memorials, and media invite a verdict based on sympathy and emotion rather than technical product evidence, precisely the unfair prejudice Rule 403 forbids.

The Court should enforce and clarify its limitation, instruct the jury, and impose prophylactic controls under Rules 403, 611, and 103. Specifically, the Court should reaffirm that only narrowly-tailored testimony and argument linking the fact and immediate circumstances of Eugene Cole's passing to David Cole's mental-health damages (e.g., why a particular stimulus triggered a specific reaction) are appropriate. Likewise, the Court should reaffirm that testimony and argument regrading accomplishments, occupation-based valor, "fallen officer" narratives, memorials, community tributes, charities/fundraisers, and repetitive identity framing untethered to a discrete damages explanation are inappropriate. This line reflects the Court's prior statement that the relevant aspect is David Cole's experience and impact, not Eugene Cole's accomplishments, and its written order excluding accomplishments while allowing limited circumstances as they relate to damages.

Although the genie is already out of the bottle to some degree, the Court should mitigate further unfair prejudice from the improper opening statement with an instruction that (a) law-enforcement accomplishments, memorials, and tributes are not evidence, (b) sympathy is not a basis for liability or damages, and (c) jurors must disregard opening references beyond the narrow damages-related circumstance permitted. The Court should also use its trial management discretion to issue an absolute prohibitive order on any evidence, testimony, exhibits, argument, or reference to Eugene Cole's identity/occupation, fallen-officer themes, memorials, or media, its impact on the Plaintiff's daughter, mother and other family members, and order that no party may reference any aspect of Eugene Cole's passing without prior sidebar and a Court ruling outside the jury's presence. Further, Sig Sauer requests that counsel be required to instruct all witnesses to avoid these topics unless authorized by the Court. If any limited reference is allowed, neutral

6

phrasing only should be allowed (e.g., "prior family loss" or "prior traumatic event"), and expert bases should be strictly cabined to necessity under Rule 703.

As set forth in in the original motion, the graphic details of Eugene Cole's tragic death, "fallen officer" narratives, memorials, and media coverage invite a verdict based on sympathy and emotion rather than on technical product evidence—precisely the type of irrelevance that Rules 401 and 402 seek to prevent, and the type of unfair prejudice that Rule 403 forbids. Counsel's comments regarding Plaintiff David Cole's desire to follow in his father's footsteps and serve the community as a member of law enforcement clearly trigger these concerns because they have little to do with Plaintiff David Cole's damages claim, are irrelevant to issues in this case, and are intended instead to play on sympathy above all else. That is particularly true where, as here, the Plaintiff has returned to his job and has been found by the experts to have the ability to continue doing that work.

Next, as set forth in the original motion, Rules 404(a) and 404(b) bar character or propensity themes inviting sympathy based on the decedent's heroism or public service. Under the First Circuit's two-step Rule 404 analysis, even evidence with "special relevance" — i.e., relevance to a purpose other than propensity — must still be excluded if the danger of unfair prejudice, including jury decision on an improper emotional basis, substantially outweighs its probative value. *See U.S. v. Ledee*, 772 F.3d 21, 36 (1st Cir. 2014) (stating that "[e]ven specially relevant other bad acts evidence should be excluded if there is danger that it would sway the jury toward a conviction on an emotional basis…"). Any "fallen officer" narrative or evidence of Eugene Cole's heroism, awards, service, or community reaction to his death constitutes improper character/sympathy evidence aimed at eliciting a verdict on an emotional basis. Such themes are not admissible to show that Plaintiffs are more worthy of compensation or that this Defendant

should be punished. The comments of Plaintiffs' counsel during opening statements raise concerns that Plaintiff will not stay within the guardrails prescribed by the Court.

## III.    CONCLUSION

For the foregoing reasons, Sig Sauer respectfully requests that the Court grant this Motion *in Limine* and enter an order:

1. Reaffirming and/or clarifying its Order excluding at trial any evidence, testimony, exhibits, argument, or reference to (a) Eugene Cole's occupation and accomplishments as a police officer; and (b) the circumstances, publicity, or details of his death, including any "fallen officer" narrative, memorials, media coverage, or similar;

2. Requiring counsel to instruct all witnesses to avoid these topics unless the Court rules otherwise;

3. Provide the jury a curative instruction that opening statements are not evidence in this case, and to disregard the references by Plaintiffs' counsel to Eugene Cole's occupation, and the circumstances of his death, in the form of or substantially similar to the following:

> You will hear testimony in this case about the tragic passing of the Plaintiffs' father, Eugene Cole. You have already heard references to it in the Plaintiffs' opening statement.
>
> You are instructed that the parties' statements in opening are not evidence. You are further instructed that you must not allow sympathy or emotion to influence your decisions in this case. That may be difficult for you to do but that is what our system of justice requires.
>
> Therefore, any references to accomplishments, occupation-based honors or memorials, community fundraisers, or "fallen officer" themes are not relevant to your deliberations and must be disregarded. This evidence may not only be considered by you solely for the purpose of understanding any claimed emotional distress of David Cole. Under the rules of this Court, you may not use that information for any other purpose.

Respectfully submitted,

Date:  July 29,2026

_/s/ Martha C. Gaythwaite_

Martha C. Gaythwaite, Maine Bar No. 2811

Jeffrey D. Russell, Maine Bar No. 4506

Verrill Dana, LLP
One Portland Square
Portland, ME 04101
Telephone: (207) 253-4650
mgaythwaite@verrill-law.com
jrussell@verrill-law.com

/s/ _Kristen E. Dennison_

Kristen E. Dennison, Pro Hac Vice
Littleton Joyce Ughetta & Kelly LLP
2460 N. Courtenay Parkway, Ste. 204
Merritt Island, FL  32953
Telephone:  (321) 574-0280
kristen.dennison@littetonjoyce.com

_Attorneys for Sig Sauer Inc._

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date indicated below I caused a copy of the foregoing pleading to be filed with the Court's ECF filing system, which will cause an electronic notice to be sent to counsel of record.


Date:  July 29, 2026                                    */s/ Jeffrey D. Russell*

                                                         Jeffrey D. Russell, Maine Bar 4506

                                                         Verrill Dana, LLP
                                                         One Portland Square
                                                         Portland, ME 04101
                                                         Telephone: (207) 253-4626
                                                         jrussell@verrill-law.com

                                                         *Attorney for Sig Sauer Inc.*