## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

DAVID ALAN COLE and ) 
KIMBERLY COLE, ) 
      Plaintiffs, ) 
           )    Case No. 1:23-cv-00327-JCN 
      v. ) 
           ) 
SIG SAUER, INC. ) 
      Defendant. ) 

## DEFENDANT SIG SAUER INC.'S MOTION FOR MISTRIAL AND/OR SANCTIONS

NOW COMES the Defendant, Sig Sauer, Inc. ("Sig Sauer"), by and through undersigned counsel, and hereby moves for an order declaring a mistrial based on repeated violations of the Court's directives by Plaintiffs' expert, William Vigilante. These violations are unfairly prejudicial because they suggest to the jury that numerous other lawsuits exist against Sig Sauer and invite an improper propensity inference. In the alternative, Sig Sauer moves for sanctions against Plaintiffs, including that the Court preclude Plaintiffs from playing any additional videos of Other Similar Incidents and allow Sig Sauer to play all six of its proposed videos involving unintentional discharges of Glock pistols, and that the offending portions of Vigilante's testimony be stricken In addition, Sig Sauer requests that the Court issue an instruction substantially similar to the following:

> Plaintiff's expert witness, William Vigilante, violated an instruction from the Court. The jury should disregard his references to any case against Sig Sauer. The fact that Plaintiff's law firm of Saltz Mongeluzzi may have hired Dr. Vigilante to testify in another case may be evidence that Dr. Vigilante is biased. However, it is not evidence that Sig Sauer did anything wrong or that there is a defect in any of its products. The jury must decide this case solely on the evidence admitted in this courtroom.

This motion is supported by the following Memorandum of Law.

1

## I.    BACKGROUND

### A.  The Court's Order on Motions *In Limine*

As a result of the parties' counterpart motions *in limine* addressing other unintentional discharge incidents, this Court only permitted introduction of a limited number of video recordings of prior incidents only where an incident is shown to be substantially similar and otherwise helpful to the jury without requiring extensive collateral litigation.  Further, the Court held that evidence of Plaintiff's father Eugene Cole and his passing is allowed only insofar as it relates to Plaintiff's damages.

### B.  Vigilante's Testimony on July 30, 2026

During his testimony on July 30, 2026, Plaintiffs' expert witness, William Vigilante, repeatedly attempted to make comments about the number of current lawsuits against Sig Sauer. On direct examination, he made at least three references to "cases" or "lawsuits." July 30, 2026 Tr. at 100:17-24 ("In some of the cases I've been involved with there's been claims that a key was the object that activated or actuated the Sig P320 trigger…there's been claims in other cases where a cord had gotten down and activated the trigger.");140:18-20 ("It's based upon their incident reports. It's based upon their failure modes criticality effects analysis. And it's noted in prior lawsuits."). At the end of Vigilante's direct examination, counsel for Sig Sauer requested that he be instructed not to mention "cases." The Court agreed and instructed Plaintiffs' counsel to tell Vigilante to only use "[i]ncident instead of cases and instead of lawsuits." *Id.* at 147:17-18. Plaintiffs' counsel represented that he would instruct Vigilante accordingly. *Id.* at 147:16-20.  The Court concluded at sidebar by stating, "We'll see how it goes." *Id.* at 147:22.

Concerningly, it appears that Vigilante was either not instructed or deliberately violated the instruction in open defiance of the Court. Throughout cross examination by Sig Sauer's counsel,

Vigilante tried several times to make mention of cases against Sig Sauer, including in response to questions that were explicitly directed to the Cole case only.  Examples include:

- "That was a Sig Sauer case." July 30, 2026 Tr. at 156:18-20.

- "So I think the one invoice I saw was for like $10,000, but between this case and other cases." July 30, 2026 Tr. at 166:22-23.

- "So, again, the only invoice I remember was about 10, $11,000 and it was split between this case and other Sig Sauer cases." July 30, 2026 Tr. at 167:4-6.

- "Yeah, I don't recall. There were a number of different Sig Sauer cases that I investigated on that invoice." July 30, 2026 Tr. at 167:22-23.

Vigilante's conduct was deliberate and unfairly prejudicial to Sig Sauer. Sig Sauer has already been unfairly prejudiced in this trial by Plaintiffs' counsel stepping far over the line in repeated non-damages related references to Eugene Cole in Plaintiffs' opening argument, which were raised in its renewed motion *in limine* to exclude evidence regarding Plaintiff's father Eugene Cole. ECF No. 193. Vigilante's intentional and knowing violation of the Court's direct instruction on top of the earlier irreversible prejudice is the proverbial straw that breaks the camel's back. Sig Sauer has been unfairly prejudiced to such a degree that there is no possibility of a fair trial. An order for mistrial must be granted.

## II.   ARGUMENT

### A. Legal Standard

The matter of granting a mistrial is "is peculiarly within the discretion of the trial judge for he is in a better position...to asses the potentially prejudicial impact of such conduct by parties, witnesses and counsel." *See Rivera v. Bayamon*, 174 F.R.D. 247, 249 (D. P.R. 1997). Whether to declare a mistrial "because of improper, voluntary statements of a witness varies according to the atmosphere of each trial." *Standard Indus., Inc. v. Mobil Oil Corp.*, 475 F.2d 220, 228 (10th Cir. 1973). A judge may grant a mistrial "if the taint is ineradicable, that is, only if the

3

trial judge believes that the jury's exposure to the evidence is likely to prove beyond realistic hope of repair." *Ramirez v. Debs-Elias*, 407 F.3d 444, 448 (1st Cir. 2005), *quoting U.S. v. Sepulveda*, 15 F.3d 1161, 1184 (1st Cir. 1993). "A mistrial in a civil case is appropriate when improper conduct 'consistently permeated the entire trial from beginning to end.'" *Froemming v. Carlson*, 677 F. Supp. 3d 828, 847 (E.D. Wis. 2023), *quoting Jimkoski v. State Farm Mut. Auto. Ins. Co.*, 247 F. App'x 654, 662 (6th Cir. 2007).

### B. Vigilante's Testimony Directly Violated the Court's Instruction and was Unfairly Prejudicial to Sig Sauer

Vigilante's calculated references to "other cases" involving Sig Sauer conveyed to the jury that Sig Sauer has been sued or is otherwise embroiled in litigation in matters beyond the incidents designated by the Court. This is precisely the type of "other cases" evidence the Court sought to exclude with its instruction to Plaintiffs' counsel to tell Vigilante to only use "[i]ncident instead of cases and instead of lawsuits." July 30, 2026 Tr. at 147:17-18. Despite that clear instruction, Vigilante referenced other cases in which he is involved and purposefully went out of his way to talk about litigation involving Sig Sauer. *See* July 30, 2026 Tr. at 100:17-24; 140:18-20; 156:18-20; 166:22-23; 167:4-6; 167:22-23.

The Court's pretrial order barred certain references without prior approval to avoid unfairness, confusion, and undue expenditure of time, reflecting the Court's Rule 403 balancing. Although the Court struck and instructed the jury to disregard the last "cases"-laden exchange, the jury nonetheless heard repeated references to "cases," escalating the risk of improper inferences about other lawsuits and alleged wrongdoing. The witness's persistent "cases" framing implies that invites the jury to consider supposed other claims as substantive proof, a prohibited propensity inference that is inconsistent with the Court's *in limine* rulings and Rule 403's unfair prejudice guardrails.

4

Specifically, introducing references to litigation carries an inherent risk that jurors will infer a propensity for wrongdoing or a corporate pattern of similar misconduct, inviting verdicts based on perceived bad character or assumed liability in unrelated matters rather than the evidence in the instant case. *See, e.g.*, Fed. R. Evid. 403; *Perrot v. Kelly*, 2024 WL 4593579, at *2 (D. Mass. Oct. 28, 2024) ("[e]xposing the jury to unsubstantiated allegations would cause significant confusion and distract the jury from its task") (*quoting Hicks v. Associations of Apartment Owners of Makaha*, 2016 WL 3856134, at *1 (D. Haw. July 13, 2016)). Such references to "other cases" or litigation are not probative of any issue the jury must decide and are unfairly prejudicial to Sig Sauer, particularly given the fact that many of these other lawsuits have not yet been adjudicated. *See United States v. Clanton*, 763 F. Supp. 3d 261, 269 (E.D.N.Y. 2025) (holding "lawsuits…that offer only unproven allegations" inadmissible under Rule 403). There is a grave risk of confusing the issues and misleading the jury by implying adjudicated or asserted liability elsewhere, and resulting in a trial within the trial on those other cases. As the First Circuit stated in *Kinan v. Brockton*:

> Moreover, introducing evidence of the [] other cases would inevitably result in trying those cases, or at least portions of them, before the jury. The merits of the [] other cases would become inextricably intertwined with the case at bar. The result would be confusion and the consumption of a great deal of unnecessary time.

876 F.2d 1029, 1034-35 (1st Cir. 1989) (finding no abuse of discretion for exclusion of evidence of other related trials). Vigilante's numerous statements regarding other Sig Sauer cases were deliberately calculated to suggest to the jury that Sig Sauer must be a bad company to have other lawsuits pending and it is likely at fault in this case as well.

### C. The Unfair Prejudice Cannot be Cured by Instruction

Although the Court struck the question and answer and instructed the jury to disregard them, the bell cannot be unrung where the jury has been told that Sig Sauer is involved in "other cases" and "lawsuits." The Court instructed the jury to disregard the stricken question and answer. *See* July 30, 2026 Tr. at 169:22-24. But as vividly explained by an old adage, once the skunk is in the jury box, no amount of disinfectant will get rid of the stench.  Here, despite pre-trial orders and a clear sidebar directive, the expert persisted in invoking "cases," reinforcing precisely the prejudicial message the Court sought to avoid.  When combined with the opening statement issues, the unfair prejudice has permeated multiple trial phases, and is unlikely to dissipate.  Given the nature of the references of other litigation against the same defendant, and the repetition and the context of coming from Plaintiffs' lead expert witness, the risk of lingering unfair prejudice substantially outweighs any probative value, and a mistrial is required to safeguard the integrity of the proceedings.

### D. Alternatively, Targeted Sanctions and a Strong Curative Instruction are Necessary

Should the Court not declare a mistrial, the Court should impose various remedies in an effort to try to offset the unfair prejudice.  Namely, the Court should preclude Plaintiffs from presenting any additional Other Similar Incident videos or evidence, and permit Sig Sauer to play all six of its videos involving unintentional discharges of Glock pistols in order to rebut Plaintiffs' improper evidence and to mitigate the innuendo that the existence of other "cases" is evidence of defect. The Court should also strike the portions of Vigilante's testimony in which he references other cases involving Sig Sauer. These conditions, while insufficient to restore balance, are tailored to the evidentiary landscape set by the Court's pretrial rulings and attempt to address the one-sided prejudice created by the Plaintiffs' repeated violations.

Furthermore, a strong curative instruction is essential if a mistrial is not granted.  The Court has already stricken one exchange and instructed the jury to disregard it.  Given the recurrence of Dr. Vigilante's violations, the jury should receive a more fulsome instruction clarifying three primary points:  (1) Dr. Vigilante violated the Court's instruction and the jury should disregard any references to cases against Sig Sauer; (2) any mention that Saltz Mongeluzzi may have hired Dr. Vigilante in another matter may be considered only for potential bias and not as evidence that Sig Sauer acted wrongfully or that any Sig Sauer product is defective; and (3) the jury must decide this case solely on the evidence admitted in this courtroom.  This instruction attempts to address the risk of propensity reasoning and cabin any permissible bias inference to its proper, limited purpose.

### III.    CONCLUSION

For the foregoing reasons, Sig Sauer respectfully requests that the Court grant this Motion and enter an order:

1. Declaring a mistrial; or

2. Imposing sanctions on Plaintiffs, including but not limited to:
   a. Precluding Plaintiffs from presenting any more videos or evidence of Other Similar Incidents;
   b. Allowing Sig Sauer to play all six of its Glock videos;
   c. Striking the portions of Vigilante's testimony in which he refers to other cases against Sig Sauer; and

3. Issuing an instruction substantially similar to the following:

   Plaintiffs' expert witness, William Vigilante, violated an instruction from the Court. The jury should disregard his references to any case against Sig Sauer. The fact that Plaintiffs' law firm of Saltz Mongeluzzi may have hired Dr. Vigilante to testify in another case may be evidence that Dr. Vigilante is biased. However, it is not evidence that Sig Sauer did anything wrong or that there is a defect in any of its products.  The jury must decide this case solely on the evidence admitted in this courtroom.

30157535_1

Respectfully submitted,

Date:  July 31, 2026

*/s/ Martha C. Gaythwaite*

Martha C. Gaythwaite, Maine Bar No. 2811

Jeffrey D. Russell, Maine Bar No. 4506

Verrill Dana, LLP
One Portland Square
Portland, ME 04101
Telephone: (207) 253-4650
mgaythwaite@verrill-law.com
jrussell@verrill-law.com

*/s/ Kristen E. Dennison*

Kristen E. Dennison, Pro Hac Vice
Littleton Joyce Ughetta & Kelly LLP
2460 N. Courtenay Parkway, Ste. 204
Merritt Island, FL  32953
Telephone:  (321) 574-0280
kristen.dennison@littetonjoyce.com

*Attorneys for Sig Sauer Inc.*

8

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below I caused a copy of the foregoing pleading to be filed with the Court's ECF filing system, which will cause an electronic notice to be sent to counsel of record.

Date: July 31, 2026

/s/ Jeffrey D. Russell

Jeffrey D. Russell, Maine Bar 4506

Verrill Dana, LLP
One Portland Square
Portland, ME 04101
Telephone: (207) 253-4626
jrussell@verrill-law.com

*Attorney for Sig Sauer Inc.*

9

30158611_1